**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TANIELA LAUPAPALANGI VI; JOYLEEN TAYNIA VI, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-72998 <br><br> Agency Nos. A096-674-763 <br> A096-674-762 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012**

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Taniela Laupapalangi Vi and his wife, Joyleen Taynia Vi, natives and

citizens of Tonga, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and relief under the Convention

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Vi does not contend he suffered past persecution, but argues he has a well-founded fear of future persecution based upon his support of the pro-democracy group. Substantial evidence supports the agency's finding that, even if Vi's asylum application was timely, he is not eligible for asylum because he was not persecuted in Tonga and his fear of future persecution is not objectively reasonable in light of his testimony that the government of Tonga was not aware he provided financial support from the United States to the pro-democracy group. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (petitioner's fear of future persecution was not objectively reasonable under the circumstances). Accordingly, petitioners' asylum claim fails.

Because Vi failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Vi failed to establish it is more likely than not he would be tortured if removed to Tonga. *See Wakkary,* 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**